IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| JOHNNIE DOGGINS, #15168-078 | § | |
| VS. | § | CIVIL ACTION NO.4:12cv45 |
| | | CRIM NO. 4:07cr250(1) |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, challenging violations concerning his Eastern District of Texas, Sherman Division conviction. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

Background

On February 25, 2009, a jury found Movant guilty of distribution of cocaine and possession with the intent to distribute or dispense cocaine base, in violation of 21 U.S.C. § 841(a)(1). On September 8, 2009, the court sentenced Movant to 240 months' imprisonment for each count, to be served concurrently. After filing a direct appeal, the United States Court of Appeals for the Fifth Circuit affirmed Movant's conviction and sentence on February 9, 2011. *United States v. Doggins*, 633 F. 3d 379 (5th Cir. 2011). In its opinion, the Fifth Circuit held that:

1.  The court did not abuse its discretion in refusing to reopen the suppression hearing;

2. Defense counsel was not ineffective for failing to request a *Franks* hearing to challenge the affidavits used to obtain the search of Doggins' residence;

3. The court did not abuse its discretion in denying Doggins' motion to suppress;

4. The evidence was sufficient to support the jury's verdict; and

5. The sentence was properly calculated.

*Id*. at 379-84. Movant filed the instant § 2255 motion, asserting that his constitutional rights were violated when:

1. Movant was wrongfully removed from state to federal custody;

2. The Government did not disclose exculpatory evidence;

3. The drug evidence found in Movant's home was a result of an illegal search and seizure;

4. The court procedurally erred at sentencing; and

5. Movant's counsel was ineffective.

The Government filed a response, asserting that Movant's issues are procedurally barred and without merit. After the Government's response was filed, Movant filed a Memorandum in Support of his § 2255 motion.

## Statement of Facts

The Court of Appeals for the Fifth Circuit discussed the factual background of this case:

> On July 30, 2007, police used a confidential informant to buy cocaine from Doggins. The informant was driving with an undercover agent when they met Doggins in a parking lot. The informant approached Doggins's car and bought one rock of cocaine for $20. As the informant was walking away, he turned around, went back to Doggins, complained about the quality of the rock, and purchased a second rock for $20. Both transactions were caught on videotape. Shortly thereafter, the undercover agent noticed the same car at Doggins's home.

> On August 16, 2007, after confirming that the rocks contained cocaine, the police obtained a search warrant for Doggins's house. They executed the warrant the next day, discovering drugs and a collection of drug paraphernalia. Later testing showed that the drugs included 60.63 grams of crack cocaine and 14.65 grams of powder cocaine, but the initial police report indicated that there were 38.4 grams of crack cocaine and 27.069 grams of powder cocaine.

*Id*. at 381.

## Federal Habeas Corpus Relief

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-1301 (5th Cir. 1992) (*citations omitted*). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).

## Procedural Default

Movant claims that his constitutional rights were violated because he was allegedly removed from state custody and then charged with a federal crime only after his time for a speedy trial in state court had expired. He claims the prosecutor wrongfully withheld material exculpatory evidence. Movant also claims law enforcement unlawfully searched his home and seized evidence. He claims the court erred procedurally at sentencing for allegedly failing to "affirm or deny" prior convictions and for not considering his speedy trial claim. In each of these claims, Movant either (1) raised the issue on direct appeal or (2) could have raised it on direct appeal, and failed to do so.

3

It is well-settled that, absent countervailing equitable considerations, a § 2255 movant cannot relitigate issues raised and decided on direct appeal. *United States v. Rocha,* 109 F.3d 225, 299 (5th Cir. 1997); *Withrow v. Williams*, 507 U.S. 680, 113 S. Ct. 1745, 123 L. Ed.2d 407 (1993). "[I]ssues raised and disposed of in a previous appeal from an original judgment of conviction are [generally] not considered in § 2255 motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (citing *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980)). It is also well-settled that a collateral challenge may not take the place of a direct appeal. *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991). Accordingly, if Movant raised or could have raised his constitutional or jurisdictional issues on direct appeal, he may not raise them on collateral review unless he first shows either cause for his procedural default and actual prejudice resulting from the error, or demonstrates that the alleged constitutional violation probably resulted in the conviction of one who is actually innocent. *Id*. at 232.

Removal to Federal Custody

Movant claims it was error when he was removed from state custody and charged with a federal crime after his time for a speedy trial in state court had expired. He claims that he was in state custody from August 17, 2007, and placed into federal custody on December 4, 2007.[1] Although Movant raised this issue at sentencing (and the court denied his objection), he could have raised this issue on appeal, but failed to do so. Issues that could have been raised on direct appeal, but were not, are not cognizable on collateral review unless the movant shows cause and prejudice

---

[1] Movant incorrectly states that he was placed in federal custody on December 4, 2007. The record shows that he was arrested on December 26, 2007, and placed in federal custody on December 27, 2007.

for the default. *Id.; United States v. Lopez*, 248 F.3d 427, 433 (5th Cir. 2001). The record was sufficiently developed to bring this issue on direct appeal, and Movant has not shown cause and prejudice for the failure to do so. *Id.* Nor has he demonstrated that the alleged constitutional violation probably resulted in the conviction of one who is actually innocent. *Shaid*, 937 F.2d at 232. He has presented nothing other than his conclusory allegation, which is insufficient for habeas relief. *Ross v. Estelle,* 694 F.2d 1008, 1012 (5th Cir. 1983) ("absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value"); *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982). This issue is procedurally barred. *Shaid*, 937 F.2d at 232.

Prosecutorial Misconduct

Movant claims that the prosecutor withheld exculpatory evidence in violation of *Brady*. The court first notes that this issue could have been raised on direct appeal, but was not. Furthermore, Movant has not shown cause and prejudice for the failure, or that the alleged constitutional violation probably resulted in the conviction of one who is actually innocent. *Id.* Accordingly, this issue is procedurally barred.

Even if not procedurally barred, Movant has not met his burden of showing a *Brady* violation. In *Brady v. Maryland*, the Supreme Court held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment." 373 U.S. 83, 87, 83 S. Ct. 1194, 1196-97, 10 L. Ed.2d 215 (1963). The prosecution "need not disgorge every piece of evidence in its possession . . . [but] has an

5

affirmative duty to disclose to the defense evidence that is favorable to the accused and material to guilty." *Rector v. Johnson*, 120 F.3d 551, 558 (5th Cir. 1997). In addressing a *Brady* claim, the Fifth Circuit has explained that a defendant must prove:

> (1) the prosecution suppressed evidence;
>
> (2) the suppressed evidence was favorable to the defense; and
>
> (3) the suppressed evidence was material to the defense.

*Derden v. McNeel*, 938 F.2d 605, 617 (5th Cir. 1991). The test for materiality is whether there is a "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id*. The materiality of the evidence is evaluated in light of the entire record. *See Lagrone v. State*, 942 S.W.2d 602, 615 (Tex. Crim. App. 1997). The Fifth Circuit also requires that a petitioner show that "discovery of the allegedly favorable evidence was not the result of a lack of due diligence." *Rector*, 120 F.3d at 558. The state does not have a duty to disclose information that is available from other sources. *Id*. at 559. Additionally, the mere possibility that a piece of information might have helped the defense does not establish materiality in the constitutional sense. *Id*. at 562.

Movant claims that the prosecutor withheld exculpatory evidence that was material. However, he fails to specify what evidence was allegedly withheld. Conclusory allegations are insufficient for habeas relief. *Ross,* 694 F.2d at 1012; *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. He fails to show the prosecutor suppressed evidence that was both favorable and material to the defense. *Derden*, 938 F.2d at 617. Movant has failed to meet any of the *Brady* requirements. This issue is procedurally barred and without merit.

Search and Seizure

Movant asserts that the search of his home violated his Fourth Amendment rights. Specifically, he claims that the search warrant was "filled with lies and perjury." However, Movant raised this issue on direct appeal, and the Fifth Circuit rejected his argument. Movant has not shown that there has been an intervening change in the law, *see Davis v. United States*, 417 U.S. 333, 94 S. Ct. 2298, 41 L. Ed.2d 109 (1974); thus, the Fifth Circuit's decision rejecting this claim precludes him from receiving a merits review of the same claim under Section 2255, *Kalish*, 780 F.2d at 508.

The record shows that Movant challenged the trial court's denial of his motion to suppress the evidence that was seized during the search of his residence. The Fifth Circuit held that the court did not abuse its discretion in denying his motion to suppress or in refusing to reopen the suppression hearing. *Doggins*, 633 F.3d at 382-83. The Fifth Circuit also concluded that counsel was not ineffective for failing to request a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed.2d 667 (1978) (a defendant can request a hearing to challenge the accuracy of statements used to procure a search warrant). The court found that a *Franks* hearing was not warranted over "such a trivial inconsistency." *Id.*, at 383. Movant presented no evidence that he had personal knowledge of the statements justifying the warrant. *Id*. Additionally, the court held that Movant had presented no credible evidence that he asked counsel to let him testify at his suppression hearing; thus, counsel was not ineffective for failing to let him testify. *Id*. at 382-83.

The issuance of a search warrant by a magistrate judge normally suffices to establish good faith on the part of law enforcement officers who conduct a search based on the warrant. *United States v. Shugart*, 117 F.3d 838, 844 (5th Cir. 1997). A proven misstatement can vitiate an affidavit offered in support of a warrant only if that misstatement is shown to be a deliberate falsehood or a

7

reckless disregard for the truth. *United States v. Martin*, 615 F.2d 318, 329 (5th Cir. 1980). Movant has presented no evidence to show that any statements in the affidavits were materially, deliberately, or recklessly false. These claims are without merit, and are procedurally barred. *Shaid*, 937 F.2d at 232.

Trial Court Error

Movant claims that the trial court erred procedurally at sentencing for allegedly failing to "affirm or deny" a prior conviction. Movant asserts that the court did not consider his claim that he was denied a speedy trial in state court. However, these issue could have been raised on direct appeal, but were not. Although the record shows that Movant raised these issues at sentencing, the court overruled his objection. The record was sufficiently developed for Movant to bring this issue on direct appeal, and he has not shown cause and prejudice for his procedural default. *Shaid*, 937 F.2d at 232; *Lopez*, 248 F.3d at 433. Nor has he demonstrated that the alleged constitutional violation probably resulted in the conviction of one who is actually innocent. *Shaid*, 937 F.2d at 232. This issue is procedurally barred. *Id*.

## Ineffective Assistance of Counsel at Trial

Movant argues that he is entitled to relief because he was denied effective assistance of counsel based on counsel's failure to investigate. He also asserts that his trial counsel was "too sick" to provide effective assistance, and that he was "abandoned" by counsel on direct appeal because appellate counsel "just went through the motions."

In order to succeed on a claim of ineffective assistance of counsel, a movant must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v.*

*Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065, 80 L. Ed.2d 864 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id*., 466 U.S. at 690, 104 S. Ct. at 2066. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981). *See also Rubio v. Estelle*, 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984). Secondly, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Movant must "affirmatively prove," not just allege, prejudice. *Id*., 466 U.S. at 693, 104 S. Ct. at 2067. If he fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id*., 466 U.S. at 697, 104 S. Ct. 2052.

Failure to Investigate

Movant complains his counsel was ineffective for failing to investigate. A defense counsel has a duty to make reasonable investigations or to make a reasonable decision that makes a particular investigation unnecessary. *Woodfox v. Cain*, 609 F.3d 774, 806 (5th Cir. 2010). A defendant who alleges a failure to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial. *Gray v. Lucas*, 677 F.2d 1086, 1093 (5th Cir. 1982). Movant points to no evidence in the record to support his allegation nor does he allege with specificity what further investigation or research would have revealed and how it would have altered the outcome of his case. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Ross,* 694 F.2d at 1012; *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799.

Movant wholly fails to meet his burden. He fails to show that there is a reasonable probability that, but for counsel's allegedly unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. This issue is without merit.

Counsel "too sick"

Movant next claims that his trial counsel was "too sick" to effectively represent him. However, he presents no evidence from the record, or otherwise, to show that counsel was suffering from a debilitating illness or that such illness prevented counsel from providing effective assistance. Habeas relief will not issue based on conclusory allegations. *Ross,* 694 F.2d at 1012; *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. He fails to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

Appellate Counsel

Movant claims that his appellate counsel was ineffective. The Fifth Circuit has held that to prevail on a claim of ineffective assistance of counsel on appeal, the petitioner must make a showing that had counsel performed differently, there would have been revealed issues and arguments of merit on the appeal. *Sharp v. Puckett*, 930 F.2d 450, 453 (5th Cir. 1991), *citing Strickland,* 466 U.S. at 687, 104 S. Ct. at 2065. In a counseled appeal after conviction, the key is whether the failure to raise an issue worked to the prejudice of the defendant. *Sharp*, 930 F.2d at 453. This standard has been affirmed by the Supreme Court. *See Smith v. Robbins*, 528 U.S. 259, 285, 120 S. Ct. 746, 764, 145 L. Ed.2d 756 (2000) (holding that the petitioner must first show that his appellate attorney was objectively unreasonable in failing to find arguable issues to appeal, and also a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief

raising these issues, he would have prevailed on his appeal). *See also Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed.2d 389 (2000); *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

Furthermore, an appellate counsel's failure to raise certain issues on appeal does not deprive an appellant of effective assistance of counsel where the petitioner did not show trial errors with arguable merit. *Hooks v. Roberts*, 480 F.2d 1196, 1198 (5th Cir. 1973). Appellate counsel is not required to consult with his client concerning the legal issues to be presented on appeal. *Id.* at 1197. An appellate attorney's duty is to choose among potential issues, using professional judgment as to their merits – every conceivable issue need not be raised on appeal. *Jones v. Barnes*, 463 U.S. 745, 749, 103 S. Ct. 3308, 3311-12, 77 L. Ed.2d 987 (1983).

A review of the record shows that counsel raised five issues on direct appeal. *Doggins*, 633 F.3d at 381-84. Movant fails to present any evidence showing how counsel was ineffective. He fails to specify any issues that could have been raised on direct appeal. Movant has failed to meet the *Strickland* requirements. He has not shown a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief raising certain issues, he would have prevailed on appeal. *Robbins*, 528 U.S. at 285, 120 S. Ct. at 764. Thus, this issue lacks merit.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although a notice of appeal has not yet been filed, it is respectfully recommended that this Court, nonetheless, address whether Movant would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua*

*sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000). In cases where a district court rejected constitutional claims on the merits, the movant must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a COA should issue when the movant shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Accordingly, it is respectfully recommended that the Court find that Movant is not entitled to a certificate of appealability.

Recommendation

It is accordingly recommended that Movant's motion for relief under 28 U.S.C. § 2255 be denied and the case dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 27th day of February, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE